IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUANE LAMONT PERRY,            )
                               )
        Petitioner,             )
                               )
        v.                      )        1:11CR21-1
                               )        1:13CV922
UNITED STATES OF AMERICA,      )
                               )
        Respondent.             )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On July 1, 2011, this Court (per United States District Judge Catherine C. Eagles) entered judgment against Petitioner imposing, inter alia, a term of imprisonment, as a result of his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 11; see also Docket Entries dated Mar. 8 and June 14, 2011 (documenting plea and sentencing hearings.)[1] On April 24, 2013, the Court docketed Petitioner's unsigned and undated pro se Notice of Appeal. (Docket Entry 16.) On July 17, 2013, the Fourth Circuit dismissed that appeal. (Docket Entries 19, 20.) On September 25, 2013, Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 22.) The United States has moved for dismissal (Docket Entry 26) and, despite receiving notice of his right to respond (Docket Entry 27), Petitioner has not responded (see Docket

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Entries dated Nov. 22, 2013, to present). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that he "was charged and sentenced for criminal acts not alleged in his indictment." (Docket Entry 22 at 11.)[2] Specifically, it contends that his "120 month sentence was imposed because of the [Sentencing Guideline] enhancements the sentencing judge found by a preponderance of the evidence standard" (id. at 12), in violation of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013) (see id. at 13).

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

[2] Pin citations to Petitioner's Section 2255 Motion refer to the page numbers in the footer appended via the CM/ECF system.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about July 15, 2011, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on July 1, 2011. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about July 15, 2012, more than fourteen months before Petitioner filed his instant Section 2255 Motion.

Petitioner does not argue that the delayed accrual provisions of Paragraphs (2) or (4) of Subsection 2255(f) apply to his Section

3

2255 Motion. (See Docket Entry 22 at 9.) Instead, he apparently seeks to invoke the delayed accrual provision of Paragraph (3) of Subsection 2255(f), by stating, under the heading "Timeliness of Motion," that, in Alleyne, "[t]he United States Supreme Court announced a new rule of Constitutional law on June 17, 2013, that imposed a new obligation upon the federal government which forms the basis of Petitioner's claim." (Id.) That argument fails because "Alleyne has not been made retroactively applicable to cases on collateral review." United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014). Accordingly, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[3]

---

[3] In any event, "[a]s Alleyne had no effect on Guidelines enhancements, [Petitioner's Section 2255 Motion] is without merit." United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.),
(continued...)

4

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 26) be granted and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 22) be dismissed without issuance of a certificate of appealability.

                                        /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                          **United States Magistrate Judge**

January 9, 2015

---

[3](...continued)
cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014).